**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**

NICHOLAS SANDMANN

    **Plaintiff,**

v.                                                                                    No. 2:20-cv-00026-WOB-CJS

GANNETT CO., INC. AND GANNETT
SATTELITE INFORMATION
NETWORK, LLC,

    **Defendants.**

## JOINT REPORT OF THE PARTIES' RULE 26(F) PLANNING MEETING

1. **Planning Meeting:** Counsel for each of the parties participated in a telephonic Rule 26(f) conference on March 9, 2021.

2. **26(f)(3)(A) Initial Disclosures**: The parties agree that initial disclosures pertaining solely to Phase I of discovery as described below shall be exchanged by Plaintiff and Defendants Gannett Co., Inc. and Gannett Satellite Information Network on the same day: April 16, 2021. Initial disclosures will be in the form required by Rule 26(a)(1).

3. **26(f)(3)(B) Subjects on Which Discovery May be Needed:**

    A. *Phased Discovery*: The parties agree that, in the interest of judicial economy, discovery initially should be limited to the facts pertaining to the encounter between Plaintiff and Mr. Phillips.

    Plaintiff's case against each Defendant then would be ripe for an early motion for summary judgment on whether Nathan Phillips' statements that Plaintiff "blocked" him or "prevented him from retreating" (the "Blocking Statements") are true or substantially true, or otherwise not actionable based on the undisputed facts developed during initial discovery and the issues defined in the Court's prior decisions.

    The limited scope of Phase 1 discovery would allow the parties to present summary judgment arguments to the Court without engaging in the costly and extensive discovery that many of the legal issues in this case would require.

If the Phase I motion for summary judgment is denied, Defendants can then proceed with the far more extensive "Phase 2" discovery that will be required on the remaining issues-- including without limitation:

     i. Whether Defendants' acted negligently in publishing the statements at issue;
     ii. Whether the Defendants acted with actual malice under *New York Times Co. v. Sullivan,* 376 U.S. 254 (1964);
     iii. Whether Plaintiff is properly considered a public or private figure under the First Amendment for purposes of this case;
     iv. Whether the wire defense applies to the challenged statements;
     v. Causation; and
     vi. Damages.

The parties agree that phased discovery is the best way to focus the resources of the parties and limit the burdens on the Court. Most importantly, it will permit this Court to rule at an earlier stage on the threshold issues discussed above. *See* Fed. R. Civ. Pro., Rule 1 (noting that Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Discovery in Phase 1 would involve issues that are common to all parties in the case, including Plaintiff and all of the Defendants.

4. **26(f)(3)(B) When Discovery Should be Completed, and Whether Discovery Should be Conducted in Phases:**

The parties propose the following two-phased schedule for discovery and motions:

*Phase 1*

| Deadline | Date |
| --- | --- |
| Discovery Commences | April 5, 2021 |
| Exchange Initial Disclosures | April 16, 2021 |
| End of Depositions and Fact Discovery | Sept. 1, 2021 |
| Summary Judgment Motions | October 1, 2021 |
| Summary Judgment Oppositions | November 1, 2021 |
| Summary Judgment Replies | November 30, 2021 |

The parties agree that within 21 days of any denial of any Phase 1 summary judgment motion, the remaining Defendants and Plaintiff will meet and confer to propose a schedule for the remaining phase.

5. **26(f)(3)(C) Electronically Stored Information:** The parties agree to separately and in good-faith negotiate a protocol for discovery of electronically stored information ("ESI") to be executed before the commencement of document productions. The parties do not anticipate any issues regarding the preservation of ESI.

6. **26(f)(3)(D) Privileged Information and Protective Order:** The parties agree to separately negotiate in good-faith a jointly proposed protective order to be executed before the commencement of document productions.

7. **26(f)(3)(E) Changes to Interrogatory Limits:** The parties agree that for Phase 1 discovery, the Plaintiff may serve upon each Defendant up to 5 interrogatories and 5 requests for production of documents seeking the identity of eyewitnesses to the events that took place at the Lincoln Memorial on January 18, 2019, statements by such eyewitnesses describing those events , and any videos, photos or other things that display those events.  The discovery requests will be identical for each Defendant.  The six defendants may serve a total of 5 interrogatories and 5 document requests regarding the same topics and may serve them collectively.

8. **26(f)(3)(E) Changes to Deposition Limits:** The parties agree that depositions during Phase 1 will be limited to eyewitnesses of the events at the Lincoln Memorial on January 18, 2019 and that all parties shall be permitted to attend and participate in all depositions noticed by any other party, and all depositions shall bear the caption of all cases without the need to serve additional deposition notices.  The parties also agree that should any party need to exceed these limits, the party may move for leave to do so.

    The parties propose the following limits:

    Phase 1:  5 eyewitness depositions total for Plaintiff, and 5 eyewitness depositions total for Defendants, plus Nathan Phillips, and Plaintiff.

9. **26(f)(3)(E) Changes to Deposition Duration:**  The parties agree that every deposition (except the deposition of Plaintiff) will be limited to 7 hours on the record.  For third party depositions noticed by one side, the noticing side will be entitled to 5 hours on the record, with 2 hours reserved for the other side. For third party depositions noticed by both sides, the Plaintiff will be entitled to 2.5 hours and the Defendants will be entitled to 4.5 hours on the record and the deposition will count against the limit for each side (the above being subject to Plaintiff's request below regarding Nathan Phillips).  The parties may move for leave to amend these time limits for good cause.

    A. *Plaintiff's Deposition* The parties agree that in Phase 1, Defendants may depose Plaintiff on the subjects at issue in Phase 1 for a total of 10 hours.  The Phase 1 deposition will be on two consecutive days with five hours of testimony allotted to each day.  Should a second phase of discovery be required, the Plaintiff and remaining Defendants will negotiate the terms of a second deposition of Plaintiff.  To the extent necessary, the Defendants reserve their right to utilize the full balance of any unused time allotted under the Federal Rules, for Plaintiff's second deposition during Phase 2.

    B. With respect to Nathan Phillips, the parties should jointly negotiate a single third party subpoena to simplify any enforcement required by the Court in the District in which Mr. Phillips resides.

**10. Other Topics:**

    A. **Settlement:** As required by the Federal Rules, the parties discussed but are unable to evaluate a potential settlement of this case at this point.

    B. **Apportionment:** The parties agree that the Court should address the applicability of Kentucky's joint tortfeasor apportionment statute, KRS 411.182, at its soonest convenience to allow the Plaintiff or Defendant to take appropriate action(s) on or before the statute of limitations would run on Plaintiff's ability to sue additional parties.

        1. **Plaintiff's Position:** Plaintiff requests that the Court order the Gannett Defendants to add any other defendant or third party defendant for purposes of apportionment or indemnification, if it wishes to do so, by May 1, 2021. In support of this position, Plaintiff asserts that in most cases the parties are promptly ordered to add additional defendants for apportionment and other purposes. Here, due to the scope of the litigation and complexity of some issues, such as whether Kentucky's apportionment statute applies, the parties have agreed to divide discovery into two phases. The one drawback to this approach is that the Gannett Defendants are not required to identify immediately and add parties for purposes of apportionment and/or indemnification. The statute of limitations on the Plaintiff's claims runs on July 24, 2021. It is possible, even likely, that if the Court ultimately concludes that Kentucky's apportionment statute applies that the Gannett Defendants will add additional defendants for purposes of apportionment. If that happens, it will occur at a time after the statute of limitations has run. Then, the Plaintiff's claims against those additional defendants will be barred. The only way to avoid this adverse and unjust outcome is to require the Gannett Defendants to identify and add any third parties by May 1, 2021.

        2. **Defendants' Position**: Defendants dispute that the apportionment rules that apply in joint tortfeasor cases apply to Plaintiff's defamation claim. Kentucky courts have long recognized in defamation actions that "the same words spoken by one may occasion greater injury than spoken by another, and that each should *only be responsible for the injury inflicted by his own independent act.*" *Duquesne Distrib. Co. v. Greenbaum*, 121 S.W. 1026, 1028 (Ky. 1909) (emphasis added) (cleaned up); *see also Carter v. Pfannenschmidt*, 467 S.W.2d 777, 778 (Ky. 1971). Thus, a defendant can only be "jointly" liable with another defendant in a defamation case where the parties jointly published a statement about the plaintiff; here, there is no such allegation. Moreover, the First Amendment prohibits courts from presuming fault from speech on a matter of public concern. *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 347, 350 (1974) (states may "not impose liability without fault" even in private-figure defamation cases). It is therefore Plaintiff's burden to show that specific statements by the Defendants in the news articles at issue in this case caused him unique harm.

He cannot shift the burden to Defendants to identify all others that might also be liable to the Plaintiff for making similar statements. Finally, and even without invoking KRS 411.182—which does not appear to ever have been applied in a Kentucky defamation case—Defendants are permitted to demonstrate that Plaintiff cannot prove that their speech, even if actionable, caused the harm alleged by Plaintiff.

March 26, 2021  Respectfully submitted,

/s/ Todd V. McMurtry
Todd V. McMurtry
Hemmer DeFrank Wessels PLLC
250 Grandview Drive, Suite 500
Ft. Mitchell, KY 95343
Phone: (859) 344-1188
Fax: (859) 578-3869
tmcmurtry@hemmerlaw.com
*Attorney for Plaintiff*

and

By: /s/ Michael P. Abate
Jon L. Fleischaker
Michael P. Abate
KAPLAN JOHNSON ABATE & BIRD LLP
710 W. Main St., 4th Floor
Louisville, KY 40202
(502) 540-8280
jfleischaker@kaplanjohnsonlaw.com
mabate@kaplanjohnsonlaw.com

Michael J. Grygiel (admitted *pro hac vice*)
Cyndy E. Neidl (admitted *pro hac vice*)
Kelly L. McNamee (admitted *Pro hac vice*)
GREENBERG TRAURIG, LLP
54 State Street, 6th Floor
Albany, New York 12207
(518) 689-1400
grygielm@gtlaw.com
neidlc@gtlaw.com
mcnameek@gtlaw.com
*Attorneys for Defendants*